**Minerva Leticia Rea GARCIA,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

**No. 05–73697.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2006.*

Filed May 18, 2006.

Minerva Leticia Rea Garcia, La Puente, CA, pro se.

CAC-District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Minerva Leticia Rea Garcia, a native and citizen of Mexico, petitions pro se for review of a May 24, 2005, order of the Board of Immigration Appeals denying her motion to reconsider its March 15, 2005, order in which the Board (1) adopted and affirmed an immigration judge's decision regarding Petitioner's failure to establish exceptional and extremely unusual hard-ship, as required for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(D); and (2) denied her motion to reopen and remand to the immigration judge.

We lack jurisdiction to entertain this petition for review because Petitioner's motion to reconsider pertained only to the merits of the agency's previously-made discretionary determination that Petitioner failed to establish the requisite exceptional and extremely unusual hardship to her United States citizen son. *See Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir. 2006) (clarifying this court's jurisdiction to review motions to reopen denials of cancellation of removal). *See also* 8 U.S.C. § 1252(a)(2)(B)(i); *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir. 2005) (explaining that the contention that an immigration judge erred in finding that a petitioner did not meet the hardship requirement is nothing more than an argument that the immigration judge abused his discretion, a matter over which we have no jurisdiction).

Petitioner's contentions that the immigration judge "did not consider all the evidence presented," and failed to consider the particular and unusual psychological hardship to her son, do not amount to a colorable constitutional claim that overcomes the jurisdictional bar to our review of the agency's discretionary hardship determination. *See id.* at 930.

**PETITION FOR REVIEW DISMISSED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.